IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>LADY OF FATIMA HEALTH SERVICES, INC. d/b/a LADY OF FATIMA HEALTHCARE SERVICES and FATMATA TURRAY,<br><br>Defendants. | Civil Action No. 22-cv-0278 |

## COMPLAINT

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin Lady of Fatima Health Services, Inc., a Pennsylvania corporation, d/b/a Lady of Fatima Healthcare Services, and Fatmata Turray, individually and as owner, officer, and manager of the aforementioned company, (collectively, "Defendants"), from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant Lady of Fatima Healthcare, Inc. ("Lady of Fatima") is a corporation duly organized under the laws of the Commonwealth of Pennsylvania. Lady of Fatima's registered

address and principal place of business is 1335 Tabor Road, Suite 303, Philadelphia, PA 19141, within the jurisdiction of this Court. Lady of Fatima is engaged in a domestic homecare business operating out of this same location, within the jurisdiction of this Court.

3. Defendant Fatmata Turray is the owner and a manager of Lady of Fatima. Ms. Turray directed employment practices and has directly or indirectly acted in the interest of Lady of Fatima in relation to its employees at all relevant times herein, including interviewing, hiring, and setting pay rates for employees, and setting the conditions of employment for employees at 1335 Tabor Road, Suite 303, Philadelphia, PA 19141.

4. Defendants employ persons in domestic service for profit, which affects commerce per Section 2(a)(5) of the Act. Lady of Fatima employees employed as direct care workers ("DCWs") or caregivers provide in-home care services to Lady of Fatima's clients.

5. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or handling goods or materials that have been moved in or produced for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

6. During the time period from at least March 24, 2017 through at least May 1, 2019, Defendants failed to compensate certain of their employees employed as direct care workers ("DCWs") or caregivers (collectively, "employees") who worked over 40 hours in a workweek at rates not less than one and one-half times their regular rates. During this time period, Defendants misclassified some direct care workers as independent contractors and paid them straight time for all hours worked, including overtime hours.  These employees regularly worked over 40 hours in a workweek.

7. Defendants also employed other direct care workers who worked for more than one client in a single workweek. These employees frequently worked over 40 hours per workweek. Defendants failed to combine hours that those employees worked during the week when they worked for multiple clients in the same week. For instance, an employee who worked 38 hours in a week for one client and 15 hours in the same week for another client received 53 hours of wages at the straight time rate, and did not receive overtime premium pay for the 13 hours of overtime work.

8. Defendants knew of or recklessly disregarded their obligation to pay their employees one and one-half their regular rates for hours worked in excess of forty per workweek. Defendants specifically told certain employees that they would not receive overtime pay for overtime hours worked. During a previous investigation by Wage and Hour covering the period from March 26, 2015 to March 23, 2017, Wage and Hour told Fatmata Turray and Lady of Fatima that the FLSA required them to pay overtime premiums to its employees who worked more than 40 hours per week. Wage and Hour also told Defendants that they were misclassifying some DCWs as independent contractors, and that these DCWs were actually employees covered by the FLSA and entitled to overtime premium pay. Defendants nevertheless continued to pay certain employees straight time for overtime.

9. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of the weekly hours worked by their employees, including failing to maintain records of the weekly overtime hours worked by their employees, which they were required to maintain by the regulations issued and found at 29 C.F.R. Part 516.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active

concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act;

(2)     For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period from at least March 24, 2017 through at least May 1, 2019, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after May 1, 2019, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A;

(3)     For an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid overtime compensation found due defendants' employees;

(4)     In the event liquidated damages are not awarded, for an Order awarding prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

| Mailing Address: | **UNITED STATES DEPARTMENT OF LABOR** |
|---|---|
| U.S. Department of Labor<br>Office of the Regional Solicitor<br>1835 Market Street<br>Mailstop SOL/22<br>Philadelphia, PA 19103 | Seema Nanda<br>Solicitor of Labor<br><br>Oscar L. Hampton III<br>Regional Solicitor |
| (215) 861-5128 (voice)<br>(215) 861-5162 (fax) | _/s/ Andrea Luby_<br>By: Andrea Luby<br>PA ID # 321609 |
| luby.andrea@dol.gov | Attorneys for Plaintiff |
| Date: January 3, 2022 | |

Schedule A

Eberhar, Briyel
Lytle, Kenneth
DeLarosa, Kim
Mansaray, Evelyn
Tannie, Halimun
Fisher, Amey
Ramirez, Carmen
Graham, Bobbie
Sweat, Margaret
Abdulwahab, Sebrina
Blackman, Jenny
Alston, Alexis
Pedro, Mena
Dunbar, Makula
Jones, Calvinette
Hyater, Kalia
Pender, Nadine
Ming, Kanson
Aliu, Olabinjo
Isaacman, Carol
Aliu, Kehinde
Cordovi, Isabel
Allen, Shonta
Toure, Miriam
Little, David
Carter, Roslyn
Lillo, Ida
Garner, Antwine
Stefler, Ana
Bowen, Nakima
Gilbert, Lucy
Baker III, William
Pallanti, Rosemarie
Richardson, Jemal
Warren, Lakeesha
Kamara, Ahmed
Williams, Jennifer
Perez, Carmen
Lopez, Elison
Babatunde, Sia
Allen, Monique
Jalloh, Fatmata
Kamara, Zainab